**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CHAPTER 11 |
| BULLIONDIRECT, INC., | § | CASE NO. 15-10940-tmd |
| Debtor. | § | |

**NOTICE OF DESIGNATION AS COMPLEX CHAPTER 11 BANKRUPTCY CASE**

This bankruptcy case was filed on July 20, 2015. The undersigned party in interest believes that this case qualifies as a complex Chapter 11 case because:

☑ The debtor has total debt of more than $10 million, perhaps as great as $25 million;

☑ There are approximately 50 known creditors in this case; there may be as many as 6,000 claimants, as well as other as yet unknown parties in interest, many of whom will need to be given notice through Court approved procedures;

☐ Claims against the debtor are publicly traded;

☑ Other

The debtor's web-based precious metal trading business (www.bulliondirect.com) has ceased operations. On information and belief, that aspect of the business is the subject of inquiry by the Federal Bureau of Investigation, the Travis County District Attorney, and the Texas Attorney General. The Debtor has a valuable business process patent and a website that is adaptable to other complex businesses. The website is supported by software developed by Debtor's wholly-owned subsidiary, Nucleo Development Company, LLC. The licensing or sale of Debtor's and Nucleo Development's intellectual property will generate funds from which allowed claims of creditors can be paid.

Respectfully submitted,

MARTINEC, WINN & VICKERS, P.C.
919 Congress Avenue, Suite 200
Austin, TX 78701- 2117
(512) 476-0750/FAX (512) 476-0753
martinec@mwvmlaw.com


By:   /s/ Joseph D. Martinec
      Joseph D. Martinec
      State Bar No. 13137500
PROPOSED ATTORNEYS FOR DEBTOR-IN-POSSESSION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Notice of Designation as Complex Chapter 11 Bankruptcy Case* has been served via the Court's ECF Noticing System, by First Class Mail, postage prepaid, or by facsimile transmission, if so indicated, to the creditors and parties in interest listed on the attached First Master Limited Service List on the 21st day of July, 2015.


/s/ Joseph D. Martinec
Joseph D. Martinec

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CHAPTER 11 |
| BULLIONDIRECT, INC., | § | |
| | § | CASE NO. 15-10940-tmd |
| Debtor. | § | |

**FIRST MASTER LIMITED SERVICE LIST**
(July 21, 2015)

**Debtor**:

Dan Bensimon, President
BullionDirect, Inc.
P.O. Box 1987
Austin, TX 78767-1987

Dan Bensimon
7028 Cielo Azul Pass
Austin, TX 78732

**Proposed Attorneys for Debtor**:

Joseph D. Martinec
Martinec, Winn &Vickers, P.C.
919 Congress Avenue, Suite 200
Austin, TX 78701-2117
martinec@mwvmlaw.com

**United States Trustee**:

Henry G. Hobbs, Valerie L. Wenger,
Office of the U.S. Trustee
903 San Jacinto Blvd., Room 230
Austin, TX 78701

**Twenty Largest Unsecured Creditors**:

American Express
#XX9-31004
World Financial Center
200 Vesey Street
New York, NY 10285

F:\BullionDirect Inc\Matrix, Master Service List & Notices of Appearance\Master Limited Service List (First) - BullionDirect.docx

1

Dillon Gage
15301 Dallas Parkway, Ste. 200
Addison, TX 75001

IBM/Digital Analytics
P.O. Box 676673
Dallas, TX 75267-6673

International Depository Service
406 W. Basin Rd.
New Castle, DE 19720

Bernal, Natasha
6280 McNeil Dr. #204
Austin, TX 78729

Irmen, Travis
P.O. Box 2836
Cedar Park, TX 78630-2836

Thomas, Blake
4421 Hank Ave.
Austin, TX 78745

Rakuten Marketing LLC
215 Park Avenue South, 8th Floor
New York, NY 10003

Dechert, LLP
300 W. 6th St., Ste. 2010
Austin, TX 78701

UPS
P.O. Box 650580
Dallas, TX 75265


**Requested Notice**:

Kay D. Brock
Assistant Travis County Attorney
P.O. Box 1748
Austin, TX 78767
kay.brock@traviscountytx.gov
Attorney for Travis County

(Via ECF or e-mail)

3

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CHAPTER 11 |
| BULLIONDIRECT, INC., | § | |
| | § | CASE NO. 15-10940-tmd |
| Debtor. | § | |

**ORDER GRANTING COMPLEX CHAPTER 11 BANKRUPTCY CASE TREATMENT**

This bankruptcy case was filed on July 20, 2015. A Notice of Designation as a Complex Chapter 11 Case was filed on July 21, 2015. After a review of the initial pleadings filed in this case, the Court concludes that it appears to be a complex Chapter 11 case. Accordingly, unless the Court subsequently orders otherwise,

IT IS ORDERED that:

1. The Debtors shall maintain a service list identifying the parties that must be served whenever a motion or other pleading requires notice. Unless otherwise required or authorized by the Bankruptcy Code or Rules, notices of motions and other matters will be limited to the parties on the service list.

a. The service list shall initially include the Debtor, Debtor's counsel, counsel for the unsecured creditors' committee, if any, the U.S. Trustee, the twenty (20) largest unsecured creditors of the Debtor, and any party that requests notice;

b. Any party in interest that wishes to receive notice, other than as listed on the service list, shall be added to the service list by filing and serving the Debtor and Debtors' counsel with a notice of appearance and request for service.

c. Parties on the service list, who have not otherwise consented to service by e-mail through the act of becoming a registered e-filer in this district, are encouraged to provide an e-mail address for service of process and to authorize service by e-mail; consent to e-mail service may be included in the party's notice of appearance and request for service; in the event a party has not consented to e-mail service, a "hard copy" shall be served by fax or by regular mail.

d. The initial service list shall be filed within three (3) days after entry of this order. A revised list shall be filed seven (7) days after the initial service list is filed. If there are any changes, the Debtor shall update the service list and shall file a copy of the updated service list (i) at least every seven (7) days during the first thirty (30) days of the case; (ii) at least every fifteen (15) days during the next sixty (60) days of the case; and (iii) at least every thirty (30) days thereafter throughout the case. If there are no changes to the Master Service List as the deadlines are reached, a revised Master Service List will be filed upon receipt of the next notice and the deadlines will run from that date.

2. The Court sets the first Thursday of each month, commencing August 6, 2015, at 1:30 p.m. as the pre-set hearing day and time for hearing all motions and other matters in this case. The Court sets the following dates and times for the next two months as

the pre-set hearing date and time for hearing all motions and other matters in this case: September 3, 2015, and October 1, at 1:30 pm. Settings for the following months will be published by the Court no later than thirty (30) days prior to the first hearing date in the said following months. (There may be exceptions; those exceptions will be noted on the court's internet schedule, available at www.txwb.uscourts.gov.)

    a. All motions and other matters requiring hearing, but not requiring expedited or emergency hearing, shall be noticed for hearing, on the next hearing day that is at least twenty-one (21) days after the notice is mailed. As a preface to each pleading, just below the case caption, [in lieu of the language required by any Local Bankruptcy Rule] the pleading shall state:

> **A hearing will be conducted on this matter on_____ at _____ am/pm in Courtroom #1, United States Bankruptcy Court, 903 San Jacinto Blvd., Austin, Texas, 78701.**
>
> **If you object to the relief requested, you must respond in writing, specifically answering each paragraph of this pleading. Unless otherwise directed by the Court, you must file your response with the clerk of the bankruptcy court within twenty-one (21) days from the date you were served with this pleading. You must Serve a copy of your response on the person who sent you the notice; otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

    b. All motions and other matters requiring expedited or emergency hearing shall comply with the usual Court requirements for explanation and verification of the need for emergency or expedited hearing. Specifically, if a party in interest has a situation that it believes requires consideration on less than seven (7) days' notice, then the party should file and serve a separate, written motion for expedited hearing, with respect to the underlying motion. The Court will make its best effort to rule on the motion for expedited or emergency hearing within 24 hours of the time it is presented. If the Court grants the motion for expedited or emergency hearing,

the underlying motion will be set by the Courtroom Deputy at the next available pre-set hearing day or at some other appropriate shortened date approved by the Court. The party requesting the hearing shall be responsible for providing proper notice in accordance with this order and the Bankruptcy Code and Rules.

3. Emergency and expedited hearings (and other hearings in limited circumstances) in this Case may be conducted by telephone or, where available, video. Parties must request permission to participate by telephone by calling the Courtroom Deputy for the particular court at the number listed on the Court's website at www.txwb.uscourts.gov.

4. If a matter is properly noticed for hearing and the parties reach a settlement of the dispute prior to the final hearing, the parties may announce the settlement at the scheduled hearing. If the court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement, (i.e., that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the court may approve the settlement at the hearing without further notice of the terms of the settlement.

5. The Debtor shall give notice of this order to all parties in interest within seven (7) days. If any party in interest, at any time, objects to the provisions of this order, that party shall file a motion articulating the objection and the relief requested. After hearing the objection and any responses, the Court may reconsider any part of this order and may grant relief, if appropriate.

The Clerk shall notice:

    Debtor:    BullionDirect, Inc.
                   P.O. Box 1987
                   Austin, TX 78767-1987

                   Dan Bensimon
                   7028 Cielo Azul Pass

        Austin, TX 78732

  <u>Debtor's Counsel:</u>  Joseph D. Martinec
        **Martinec, Winn & Vickers, P.C.**
        919 Congress Avenue, Suite 200
        Austin, TX 78701

  <u>United States Trustee:</u>  Henry Hobbs/Valerie Wenger
        Office of the United States Trustee
        903 San Jacinto Blvd., Suite 230
        Austin, TX 78701

        # # #

Prepared and submitted by:

Joseph D. Martinec
State Bar No. 13137500
MARTINEC, WINN & VICKERS, P.C.
919 Congress Avenue, Suite 200
Austin, TX 78701- 2117
(512) 476-0750/FAX (512) 476-0753
martinec@mwvmlaw.com

PROPOSED ATTORNEYS FOR THE DEBTOR