**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: August 03, 2016.**



_____
**TONY M. DAVIS
UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | CHAPTER 11 CASE |
| | § | |
| BULLIONDIRECT, INC., | § | CASE NO. 15-10940-TMD |
| | § | |
| Debtor. | § | |

### STIPULATED PROTECTIVE ORDER

Gregory S. Milligan, Trustee of the BullionDirect, Inc. Litigation Trust (the "**Trustee**"), and Platform Universe, LLC ("**Platform Universe**"), by and through their undersigned counsel of record, in connection with the above-captioned chapter 11 case, hereby stipulate and agree to the following Stipulated Protective Order ("**Order**").

1. This Order shall mutually and reciprocally govern solely the disclosure, designation and handling of all information, documents and things exchanged between the Trustee and Platform Universe (both individually being a "**Disclosing Party**"), formally or informally, orally or in writing, in connection with this case including without limitation, information regarding Disclosing Party's business plans, projected operating and financial results, historical operating and financial results, contracts, trade secrets

**STIPULATED PROTECTIVE ORDER - Page 1 of 6**

1823017.2/SPA/40278/0101/071916

and proprietary information, processes, know-how, diagrams, schematics, and formulae related to the current, future and proposed products, services or strategies, procurement requirements, purchasing, customer lists, employee data, business forecasts, legal and regulatory affairs, sales and marketing activities and marketing plans and information and things produced whether in the form of originals or copies and excepts thereof (collectively, "**Exchanged Information**"). This Order is not intended to modify, alter or amend any previously entered or executed non-disclosure agreements or protective orders that relate to this bankruptcy case.

2. As used in this Order, these terms have the following meanings:

"**Attorneys**" means counsel of record;

"**Confidential**" documents are documents designated pursuant to paragraph three; and

"**documents**" are all materials within the scope of Fed. R. Civ. P. 34.

3. By identifying Exchanged Information as "***Confidential***", a Disclosing Party may designate any Exchanged Information that the Disclosing Party in good faith contends to constitute or contain non-public, sensitive or confidential financial information of such Disclosing Party.

4. All Confidential Exchanged Information shall be used solely for the purpose of the Trustee's discharge of his responsibilities as Trustee and the duty of Platform Universe to provide requested information to the Trustee, and no person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those specified in paragraph five.

5. Access to any Confidential Exchanged Information shall be limited to:

(a) the Court and its officers;

(b) Platform Universe and the Trustee, and any of their officers, directors, representatives, independent contractors and employees, as long as such individuals are obligated to maintain the confidentiality of any Confidential Exchanged Information;

(c) Attorneys for Platform Universe and the Trustee and their office associates, legal assistants, and stenographic and clerical employees; and

(d) persons shown on the face of the document or persons shown from the content of the information to have authored or received such document or information

6. Any Disclosing Party who inadvertently fails to identify Exchanged Information as "Confidential" shall have fourteen (14) days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and, if applicable, substituted copies of the inadvertently produced documents. Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

7. Any Disclosing Party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies, within fourteen (14) days of receiving such a written request. The party returning such inadvertently produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

8. If a party files a document containing Confidential Exchanged Information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures applicable in this Court or District. Prior to disclosure at trial or a hearing of materials or

information designated "Confidential," the parties may seek further protections against public disclosure from the Court.

9. Any party may request a change in the designation of any Exchanged Information designated "Confidential". Any such Exchanged Information shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to the Disclosing Party. The party asserting that the Exchanged Information is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

10. Within sixty (60) days of the termination of this case, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential" and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction as within the sixty-day period. Attorneys shall be entitled to retain, however, a set of all documents filed with the Court and all correspondence generated in connection with the action. Further, Trustee shall be entitled to keep one archived copied of all information received from Platform Universe in accordance with his regular document retention policy. Platform Universe shall be entitled to keep one archival copy of all information and documents for legal purposes only.

11. Any party may apply to the Court for a modification of this Order, and nothing in this Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate. The Court, or the

United States District Court for the Western District of Texas, shall retain sole and exclusive jurisdiction to interpret and enforce this Order.

12. No action taken in accordance with this Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

13. The obligations imposed by this Order shall survive the termination, dismissal or conversion to Chapter 7 of this case. Within sixty (60) days following the expiration of the last period for appeal from any order issued in connection with this case, the parties shall remove any materials designated "Confidential" from the office of the Clerk of Court, if any. Following that 60-day period, the Clerk of Court shall destroy all "Confidential" materials, if any.

STIPULATED AND AGREED TO BY:

 /s/ Duane J. Brescia
Duane J. Brescia (TXBN 24025265)
STRASBURGER & PRICE, LLP
720 Brazos, Suite 700
Austin, Texas 78701
(512) 499-3600 / Fax: (512) 499-3660
duane.brescia@strasburger.com

**COUNSEL FOR PLATFORM UNIVERSE, LLC**

 /s/ Jesse T. Moore
Jesse T. Moore (TXBN 24056001)
DYKEMA COX SMITH
111 Congress Ave., Suite 1800
(512) 703-6325 / Fax: (512) 703-6399
jmoore@dykema.com

**COUNSEL FOR THE TRUSTEE**

# # #

**111 Congress Ave., Suite 1800**
**(512) 703-6325 / Fax: (512) 703-6399**
**jmoore@dykema.com**