IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § § § | CHAPTER 11 CASE |
| BULLION DIRECT, INC. | § § | CASE NO. 15-10940-TMD |
| Debtor. | § § § | |

### EX PARTE MOTION TO EXTEND CLAIM OBJECTION DEADLINE BY GREGORY S. MILLIGAN, TRUSTEE FOR THE BULLIONDIRECT, INC. LITIGATION TRUST

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Gregory S. Milligan (the "Trustee"), as Trustee for the BullionDirect, Inc. Litigation Trust (the "Trust") established in the above-captioned case (the "Case"), hereby files this Ex Parte *Motion to Extend Claim Objection Deadline* (the "*Ex Parte* Motion"), which seeks to extend the deadline to object to claims in the Case by approximately one year, from January 20, 2017 to January 22, 2018. In support of this *Ex Parte* Motion, the Trustee respectfully represents the following:

1. This Court has jurisdiction to consider the *Ex Parte* Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested herein are § 105 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, Rule 9006 of the Federal Rules of Bankruptcy Procedure, and § 8.1. of the *Amended Plan of Reorganization Filed by Debtor on June 14, 2016* (the "Plan"), which was confirmed by the *Order Confirming the Debtor's Chapter 11 Plan Of Reorganization*, entered July 26, 2016, Docket No. 209.

2. On July 20, 2015 (the "Petition Date"), BullionDirect, Inc., the debtor in the Case (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Plan created the Trust and appointed the Trustee for the Trust.

3. Among other things, the Plan gave the Trustee the responsibility of reviewing claims in the Case and objecting to those claims where appropriate. *Plan*, § 8.1. The deadline for filing such objections was initially established as "one hundred eighty (180) days after the entry of the Confirmation Order," which is January 20, 2017. *Id*. However, the Plan also provided that this "may be extended by the Court upon motion of the BDI Litigation Trustee" and that such motion "may be granted by the Court upon a showing of cause without providing any notice or opportunity to object to any creditor or party-in-interest." *Id*.

4. Ample cause exists to extend the deadline to object to claims by one year. First and foremost, the resources of the Trust are limited compared to claims—cash on hand is less than $1 million and claims exceed $25 million. This weighs strongly against addressing claim objections at this point, for the reasons discussed below.

5. The claim objection process may be complicated and relatively expensive—the Court's claims register for the Case shows 523 claims filed. This includes $254,070.60 priority unscheduled claims. While many of these priority claims may be invalid, they would need to be paid in full before other creditors in the event of any distribution unless the priority claim is amended to unsecured status or the Court sustains an objection to the priority claim.

6. This expense should not be incurred at this point. The only purpose for objecting to claims is to ensure that proper distributions for the Trust are made, and distributions are not expected in the near future.

7. Instead of focusing on an expensive 1%-2% interim distribution, the Trustee is currently focused on overseeing an investigation of potential litigation claims that could be asserted to attempt to recover further funds for the victims of the Debtor. The Trustee has hired litigation counsel to do a preliminary investigation and develop a cost-effective strategy. While

2

the Trustee hopes to minimize cash outflow by ultimately retaining counsel on a contingency fee basis, this litigation could still require expert witnesses, investigators, asset searches, and other expenses that must be paid for in cash. The Trustee needs to preserve the resources of the Trust while this investigation and strategy is being developed to ensure that this strategy can be properly funded. The Trustee expects this strategy to be finalized and implemented by July 20, 2017, the deadline upon which certain claims may be extinguished under applicable limitations periods. *See* Plan § 8.3 (stating that causes of action held by the Trust shall be subject to the the 2-year-after-the-Petition-Date tolling provided by § 108 of the Bankruptcy Code).

8. Before that point, the Trustee prefers to conserve the limited resources of the Trust, since that is in the best interests of all creditors. Focusing on increasing the assets of the Trust is preferable at this point to spending significant attention, time, and Trust resources on reconciling claims, objecting where necessary, and then making a relatively insignificant interim distribution.

9. Even after the Trustee has commenced appropriate litigation by July 2017, it would still be preferable to have more time to object to claims. Such litigation may not produce quick recoveries. Having more information about the ultimate amounts to be distributed by the Trust would help the Trustee make a more informed and cost-effective decision about claims objections.

10. For example, many of the claims do differ from the books and records of the Debtor. Some of the discrepancies are large, but some are small. The benefit of objecting to the claims depends on the size of the discrepancy and the amount to be distributed to the claimant. There may be no point in objecting to a $10,000 claim that should be $9,000 if the distribution is 5% because the amount at stake is $50. However, if the distribution is 50%, the actual amount at

3

stake will be $500, which may justify an objection. The Trustee would prefer to make these decisions with the benefit of more information about expected distributions since all creditors benefit from cost-effective administration of the Trust. This cause for extending the claim objection deadline is even more compelling here since quick interim distributions are not expected.

11. The Trustee would also note that filing premature claims objection could cause unnecessary harm to the claimants themselves by forcing the objectionable claimants to spend time, money, and other resources on litigating an issue that may be ultimately immaterial. The claimants themselves should prefer to have more information about the true value at stake here before responding to claim objections, and much more information should be available by the end of 2017.

12. Last but not least, the Court itself may wish to preserve judicial resources instead of dealing with a number of premature claim objections.

13. As stated in the Plan, and in accordance with Rule 9006(b) of the Federal Rules of Bankruptcy Procedure, the Court may grant this *Ex Parte* Motion without notice, opportunity to object, or a hearing.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that Court extend the deadline to object to claims provided by § 8.1 of the Plan to Monday, January 22, 2018 and grant such other relief as may be just and appropriate.

Respectfully submitted,

/s/ Jesse T. Moore
Jesse T. Moore
State Bar No. 24056001
Dykema Cox Smith
111 Congress Ave., Suite 1800
Austin, Texas 78701

Phone: 512-703-6325
Fax: 512-703-6399
Email: jmoore@dykema.com

***Counsel to Gregory S. Milligan, Trustee for the BullionDirect, Inc. Litigation Trust***

### Certificate of Service

I hereby certify that I served a copy of this *Ex Parte* Motion on January 17, 2017 via the Court's electronic case filing system to all parties receiving notice through such system. The Plan provides that the *Ex Parte* Motion may be granted without notice.

*/s/ Jesse T. Moore*
Jesse T. Moore