IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § § § § § § § | CHAPTER 11 CASE |
| BULLION DIRECT, INC. | | CASE NO. 15-10940-TMD |
| Debtor. | | |

### *EX PARTE* MOTION TO LIMIT NOTICE BY GREGORY S. MILLIGAN, TRUSTEE FOR THE BULLIONDIRECT, INC. LITIGATION TRUST

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Gregory S. Milligan (the "Trustee"), as Trustee for the BullionDirect, Inc. Litigation Trust (the "Trust") established in the above-captioned case (the "Case"), hereby files this Ex Parte *Motion to Limit Notice* (the "*Ex Parte* Motion"), which seeks the Court's permission to limit the service of pleadings regarding potential future motions seeking Court approval of settlements of Trust causes of action ("Potential Settlement Motions") to service via the Court's electronic case filing system. In support of this *Ex Parte* Motion, the Trustee respectfully represents the following:

**a. Jurisdiction**

1. This Court has jurisdiction to consider the *Ex Parte* Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested herein are §§ 102(1) and 105 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure.

**b. Background**

2. On July 20, 2015 (the "Petition Date"), BullionDirect, Inc., the debtor in the Case (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The

1

Debtor managed its estate as debtor-in-possession from the Petition Date until the appointment of the Trustee. On July 26, 2016, the Bankruptcy Court entered in the Bankruptcy Case an *Order Confirming the Debtor's Chapter 11 Plan of Reorganization*, Docket No. 209, confirming a chapter 11 plan (the "Plan"). The Plan created the Trust and appointed the Trustee for the Trust.

3. Among other things, the Plan transferred to the Trust various claims and causes of action formerly held by the Debtor or its bankruptcy estate. *See* Plan, art. X. To investigate these causes of action and potential sources of recoveries, the Trustee has engaged the undersigned counsel along with John W. Thomas, a very experienced and well-respected Austin trial lawyer. Along with reviewing the books and records of BDI itself, the Trustee and his team have obtained document production from third-parties such as the Debtor's business partners, lawyers, and accountants. Both informal interviews and depositions under oath pursuant to Bankruptcy Rule 2004 have been conducted. Tolling agreements to preserve claims for future prosecution have been entered as appropriate. Negotiations over potential settlements have been commenced.

4. Based on this investigation and negotiation process, the Trustee anticipates settling certain claims and causes of action. The agreement for the Trust, which was approved by the Court after notice to creditors as part of Plan confirmation, provides "[t]he Trustee shall have the exclusive right, authority, and discretion to institute, prosecute, abandon, settle, compromise, or otherwise any and all Preserved Causes of Action assigned to the Trust." *See* Trust Agreement at § 2(g)(ii), Docket No. 193, filed June 30, 2016. In addition, the claims have been transferred to the Trust and are no longer part of the Debtor's bankruptcy estate, the requirements of the Bankruptcy Code and Bankruptcy Rules for the settlement of causes of

action that are property of the bankruptcy estate do not apply. *See* 11 U.S.C. § 363(b); Fed. R. Bankr. 9019. For these reasons, Court approval for settlements of claims held by the Trust is not required.

5. Nevertheless, the Trustee anticipates that some settlement counterparties may wish to have confirmation from the Court regarding the finality of their settlement prior to making settlement payments to the Trust under those settlements. Therefore the Trustee may wish to file future Potential Settlement Motions asking for the Court to exercise this jurisdiction and approve certain settlements of claims or causes of action owned by the Trustee. The Plan does provide that the Court retains jurisdiction to approve settlements. *See* Order Confirming the Debtor's Chapter 11 Plan of Reorganization at art. IX(g), Docket No. 209, entered July 26, 2016.

6. Serving Potential Settlement Motions upon all creditors in this Case would be expensive to the Trust. The Debtor's records reflect more than 6,000 potential creditors in this Case. The Court had entered an order granting a motion of the Debtor to permit service of most documents in the Case to these creditors via electronic mail sent to their electronic mail addresses as reflected in the records of the Debtor. *See Agreed Order Granting Debtor's Emergency Motion for Order Limiting Notice and Implementing Certain Notice Procedures*, entered August 7, 2015, Docket No. 36.

7. Even serving these creditors by electronic mail has resulted in considerable additional expense to the Debtor, and now to the Trust, and to all creditors in the aggregate. The Debtor had been using a third-party vendor to handle electronic mailings at the cost of several hundred dollars per month. Further, this mass e-mail service has been discontinued since late 2016 to avoid this expense. Restarting this service at this time would entail ramp-up expenses in addition to the resumption of ongoing monthly expenses.

8. More significantly, each mass electronic mailing in this Case has tended to result in additional unnecessary expenses to the Trust and all creditors. Each prior electronic mailing has prompted dozens of calls and e-mails from creditors. Very few of these calls or e-mails are relevant to the actual issues raised by the document at hand. Many of these inquiries seem to be from creditors who have not read the documents being sent to them and who do not want to consult with their own advisors on these matters. Responding to these non-germane creditor inquiries further consumes Trust resources and reduces recoveries by all other creditors.

9. It should be noted that there were no objections to the Plan by depository creditors and that no individual creditors have been actively involved in this Case, other than the creditors who volunteered to serve on the Official Committee of Unsecured Creditors. The Trustee does not expect his decisions on Trust litigation resolution to be controversial.

10. For all of these reasons, the Trustee asks that the Court permit Potential Settlement Motions for future settlements of causes of action owned by the Trust and within the exclusive control of the Trustee to be only served via the Court's electronic case filing system.

   c.  **Relief Requested & Argument**

11. By this Motion, the Trustee asks permission to serve any Potential Settlement Motion solely via the Court's electronic case filing system. This will result in any Potential Settlement Motion being publically available and being sent to any person registered to receive such electronic case filing notices in this Case.

12. The Court has authority to limit notice of a request to approve a settlement under Bankruptcy Rule 2002(a)(4), which permits the Court to "for cause shown direct that such notice not be sent." Fed. R. Bankr. P. 2002(a)(4). *See also* Fed. R. Bankr. P. 2002(m) ("The court may from time to time enter orders designating the matters in respect to which, the entity to whom,

4

and the form and manner in which notices shall be sent except as otherwise provided by these rules."). In addition, Bankruptcy Rule 9019(b) permits the Court to "fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes without further hearing or notice." Fed. R. Bankr. P. 9019(b). The Bankruptcy Code itself permits the Court to only require "notice that is appropriate in the particular circumstances," 11 U.S.C. § 102(1)(A), and also authorizes the Court to issue orders that are "necessary or appropriate to carry out the provisions of" the Bankruptcy Code and issue orders that are "appropriate to ensure that the case is handled expeditiously and economically." *Id*. § 105(a) & (d)(2).

13. There is good cause for limiting notice of Potential Settlement Motions in this Case. Doing so will save the Trust several thousand dollars without causing any meaningful impact upon any creditors or parties in interest. After all, Court approval for Potential Settlement Motions is not necessary under the Plan or applicable law, and therefore notice of Potential Settlement Motions is of considerably reduced value. Further, creditor participation in the Case itself has been minimal so far, so objections to Potential Settlement Motions are not expected and the Trustee does not believe that creditors have the ability to successfully object to settlements given the terms of the Plan and related documents. Because the costs of providing additional notice are outweighed by any potential benefits of additional notice, this Motion should be granted and notice should be appropriately limited.

14. As indicated by Bankruptcy Rules 2002(a)(4) and 2002(m), which do not require the Court to provide notice or conduct a hearing before limiting notice, this *Ex Parte* Motion may be granted on an *ex parte* basis without any notice or hearing.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that Court enter an order permitting any Potential Settlement Motion to be served solely via the Court's electronic case filing system and granting such other relief as may be just and appropriate.

Respectfully submitted,

        */s/ Jesse T. Moore*
        Jesse T. Moore
        State Bar No. 24056001
        Dykema Cox Smith
        111 Congress Ave., Suite 1800
        Austin, Texas 78701
        Phone: 512-703-6325
        Fax: 512-703-6399
        Email: jmoore@dykema.com

        ***Counsel to Gregory S. Milligan, Trustee for the BullionDirect, Inc. Litigation Trust***

**Certificate of Service**

I hereby certify that I served a copy of this *Ex Parte* Motion on October 10, 2017 via the Court's electronic case filing system to all parties receiving notice through such system.

        */s/ Jesse T. Moore*
        Jesse T. Moore