# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | § | |
|---|---|---|
| In re: | § | |
| | § | CHAPTER 11 CASE |
| BULLION DIRECT, INC. | § | |
| | § | CASE NO. 15-10940-TMD |
| Debtor. | § | |
| | § | |

## SECOND *EX PARTE* MOTION TO EXTEND CLAIM OBJECTION DEADLINE BY GREGORY S. MILLIGAN, TRUSTEE FOR THE BULLIONDIRECT, INC. LITIGATION TRUST

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Gregory S. Milligan (the "Trustee"), as Trustee for the BullionDirect, Inc. Litigation Trust (the "Trust") established in the above-captioned case (the "Case"), hereby files this *Second Ex Parte Motion to Extend Claim Objection Deadline* (the "*Ex Parte* Motion"), which seeks to extend the deadline to object to claims in the Case by approximately six more months, from January 22, 2018 to July 23, 2018. In support of this *Ex Parte* Motion, the Trustee respectfully represents the following:

1. This Court has jurisdiction to consider the *Ex Parte* Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested herein are § 105 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, Rule 9006 of the Federal Rules of Bankruptcy Procedure, and § 8.1. of the *Amended Plan of Reorganization Filed by Debtor on June 14, 2016* (the "Plan"), which was confirmed by the *Order Confirming the Debtor's Chapter 11 Plan Of Reorganization*, entered July 26, 2016, Docket No. 209.

2. On July 20, 2015 (the "Petition Date"), BullionDirect, Inc., the debtor in the Case (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Plan created the Trust and appointed the Trustee for the Trust.

3. Among other things, the Plan gave the Trustee the responsibility of reviewing claims in the Case and objecting to those claims where appropriate. *Plan*, § 8.1. The deadline for filing such objections was initially established as "one hundred eighty (180) days after the entry of the Confirmation Order," which was January 20, 2017. *Id*. However, the Plan also provided that this "may be extended by the Court upon motion of the BDI Litigation Trustee" and that such motion "may be granted by the Court upon a showing of cause without providing any notice or opportunity to object to any creditor or party-in-interest." *Id*.

4. Upon prior motion by the Trustee, the Court has already extended the deadline to object to claims by one year, to January 22, 2018. *Order Granting* Ex Parte *Motion To Extend Claim Objection Deadline By Gregory S. Milligan, Trustee For The Bulliondirect, Inc. Litigation Trust*, entered January 17, 2017, Docket No. 263. As explained below, cause exists to extend the deadline to object to claims by another six months because this will enable to the Trustee to make more well-informed, cost-effective decisions about how to continue administering the Trust.

5. While the Trust was significantly augmented by the recent closing of a settlement, *Order Granting Motion Under Bankruptcy Rule 9019 To Approve A Settlement Agreement Between The Trustee And Dillon Gage*, entered November 25, 2017 (the "Dillon Gage Settlement"), the resources of the Trust remain quite limited compared to claims—cash on hand is approximately $710,000 but scheduled claims are almost $25 million.

6. While the Trustee does not expect further significant recoveries for the Trust on causes of action held by the Trust,[1] the Trustee does hope that the Trust will obtain further recoveries from Platform Universe, LLC, which acquired operating assets of the Debtor in exchange for, among other things, a promise to split profits with the Trust. *See* Notice of Filing of Asset Purchase Agreement, filed May 6, 2016, Docket No. 167. The Trustee notes that Platform Universe, LLC is receiving certain support as a result of the Dillon Gage Settlement. The Trustee is hopeful that this will result in further income to the Trust. The Trustee believes that the next few months will provide more information about what profit-sharing for the Trust, if any, can realistically be expected from Platform Universe, LLC in the near future.

7. Having more information about the expected growth and size of the Trust will help the Trustee properly evaluate the costs and benefits of potential options regarding treatment of claims against the Trust and distributions from the Trust. For example, the claim objection process could be complicated and relatively expensive—the Court's claims register for the Case shows 523 claims filed. This includes $254,070.60 priority unscheduled claims and $1,3711,193.01 of secured claims that do not appear to be supported by adequate documentation of perfected security interests. The expense of reviewing these claims and objecting to them where necessary and appropriate should not be incurred without more information about the actual value at stake.

8. The Trustee would also note that filing premature claims objection could cause unnecessary harm to the claimants themselves by forcing the objectionable claimants to spend

---

[1] At this time, barring the discovery of recoverable assets held by or transferred to former insiders the Debtor, the Trust's investigation and negotiation/litigation process has largely concluded. The Trust has reached agreements with certain insiders preserving claims against them and tolling applicable statutes of limitation and repose based on those insiders' representations about various matters and the Trustee's own investigation regarding those insiders' current financial conditions. This investigation process and its conclusions will be explained in a report that will be filed separately with the Court.

time, money, and other resources on litigating issues that may be ultimately immaterial. The claimants themselves should have more information about the true value at stake here before responding to claim objections.

9. In addition, the Court itself may wish to preserve judicial resources instead of dealing with a number of premature claim objections.

10. Further, the distribution process itself will be costly, and the size of the distributions will be important for this analyzing the costs and benefits of various claim objection and creditor distribution options. In addition to the 523 creditors who have filed claims, the Debtor's schedules list more than 7000 creditors. Given this large number of creditors, doing only one distribution could preserve the funds of the Trust better than multiple check-printings and mass mailings, so it makes sense to wait a few more months to see what profits Platform Universe, LLC can be reasonably expected and included in the first distribution before evaluating how to proceed with claim objections and then distributions.

11. As stated in the Plan, and in accordance with Rule 9006(b) of the Federal Rules of Bankruptcy Procedure, the Court may grant this *Ex Parte* Motion without notice, opportunity to object, or a hearing.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that Court extend the deadline to object to claims provided by § 8.1 of the Plan to Monday, July 23, 2018 and grant such other relief as may be just and appropriate.

Respectfully submitted,

>  */s/ Jesse T. Moore*
> Jesse T. Moore
> State Bar No. 24056001
> Dykema Cox Smith
> 111 Congress Ave., Suite 1800
> Austin, Texas 78701

Phone: 512-703-6325
Fax: 512-703-6399
Email: jmoore@dykema.com

*Counsel to Gregory S. Milligan, Trustee for the BullionDirect, Inc. Litigation Trust*

**Certificate of Service**

I hereby certify that I served a copy of this *Ex Parte* Motion on December 19, 2017 via the Court's electronic case filing system to all parties receiving notice through such system as listed below. The Plan provides that the *Ex Parte* Motion may be granted without notice.

/s/ *Jesse T. Moore*
Jesse T. Moore

Steven B. Bass on behalf of Creditor United States of America
Steven.Bass@usdoj.gov,
lori.wilson@usdoj.gov

Duane J. Brescia on behalf of Interested Party C. Jack Murph
duane.brescia@strasburger.com,
donna.krupa@strasburger.com;Kathryn.Alexander@strasburger.com;bkrtcynotices@strasburger.com

Duane J. Brescia on behalf of Interested Party Cheryl L. Huseman
duane.brescia@strasburger.com,
donna.krupa@strasburger.com;Kathryn.Alexander@strasburger.com;bkrtcynotices@strasburger.com

Kay D. Brock on behalf of Creditor Travis County
bkecf@traviscountytx.gov,
kay.brock@traviscountytx.gov

Richard T. Chapman on behalf of Creditor Janak Law Firm
rchapman@andersonsmith.com,
roxanne@andersonsmith.com;
Jamie@andersonsmith.com

Richard T. Chapman on behalf of Creditor Julius De Roma
rchapman@andersonsmith.com,
roxanne@andersonsmith.com;Jamie@andersonsmith.com

Richard T. Chapman on behalf of Creditor Linda Strande
rchapman@andersonsmith.com,
roxanne@andersonsmith.com;
Jamie@andersonsmith.com

Brent A. Devere on behalf of Creditor David Ray
bdevere512@aol.com

5

Kirstin K Dutcher on behalf of Creditor Chris Smelick
kkd@lawsonlaski.com, heo@lawsonlaski.com

Kirstin K Dutcher on behalf of Creditor Robert Smelick
kkd@lawsonlaski.com, heo@lawsonlaski.com

Jeffrey R. Erler on behalf of Creditor Diamond State Depository, LLC
jeff.erler@cottonteam.com, Melissa.harrocks@cottonteam.com

Jeffrey R. Erler on behalf of Creditor Dillon Gage Inc. of Dallas
jeff.erler@cottonteam.com, Melissa.harrocks@cottonteam.com

Lisa C. Fancher on behalf of Creditor Kirk Davis Mahon
lfancher@fbhg.law

Laura Marie Fontaine on behalf of Creditor Diamond State Depository, LLC
Laura@HedrickKring.com, Mckenzie@HedrickKring.com;Lori@HedrickKring.com;Britt@HedrickKring.com

Laura Marie Fontaine on behalf of Creditor Dillon Gage Inc. of Dallas
Laura@HedrickKring.com, Mckenzie@HedrickKring.com; Lori@HedrickKring.com; Britt@HedrickKring.com

James V. Hoeffner on behalf of Creditor Louis S McCann
jhoeffner@gdhm.com, bcumings@gdhm.com

Joseph D. Martinec on behalf of Debtor BullionDirect, Inc.
martinec@mwvmlaw.com, white@mwvmlaw.com

Jesse Tyner Moore on behalf of Creditor Official Committee of Unsecured Creditors of BullionDirect, Inc.
jmoore@dykema.com

Jesse Tyner Moore on behalf of Trustee Gregory S. Milligan, Trustee of the BullionDirect, Inc. Litigation Trust
jmoore@dykema.com

William T. Peckham on behalf of Creditor Clinton C. Price
wpeckham@peckhamlawaustin.com, calexander@peckhamlawaustin.com

Michael J. Pledger on behalf of Creditor Christopher Lombardo
pledgerlaw@aol.com

Douglas J. Powell on behalf of Creditor David Emery
notices@swbell.net, dpowell@dougpowelllaw.com;ayana@dougpowelllaw.com

Peter C. Ruggero on behalf of Creditor Kazu Suzuki
peter@ruggerolaw.com

Stephen Matthew Schultz on behalf of Creditor Peter Lettang
stephen@tslf.com

Martin Warren Seidler on behalf of Creditor Gerard Barrack
marty@seidlerlaw.com, ecfseidlerlaw1@yahoo.com

United States Trustee - AU12
ustpregion07.au.ecf@usdoj.gov