# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CHAPTER 11 |
| BULLIONDIRECT, INC. § | |
| a/k/a BD, BDI AND B DIRECT, INC., § | CASE NO. 15-10940-tmd |
| § | |
| DEBTOR. § | |
| § | |

**PROFFER OF GREGORY S. MILLIGAN, TRUSTEE OF THE BULLIONDIRECT, INC. LITIGATION TRUST, REGARDING MOTION BY TRUSTEE FOR ORDER APPROVING DISTRIBUTIONS TO GENERAL UNSECURED CREDITORS AND DISPOSITION OF UNCLAIMED FUNDS**

Gregory S. Milligan, Trustee of the BullionDirect, Inc. Litigation Trust, if called to the stand, would testify as follows in his capacity as Trustee in support of the *Motion for an Order Approving Distributions to General Unsecured Creditors and Disposition of Unclaimed Funds*, which was filed in the above-captioned main bankruptcy case (the "Case") on November 8, 2018, Docket No. 318 (the "Distribution Motion"):

1. Mr. Milligan is the Trustee of the BullionDirect, Inc. Litigation Trust (the "Trust").

   a. Judicial Notice Exhibit 1: *Order Confirming the Debtor's Chapter 11 Plan of Reorganization*, entered July 26, 2016, Docket No. 209

   b. Judicial Notice Exhibit 2: *Trust Agreement*, Docket No. 193, filed June 30, 2016

2. His testimony is based in part on his review through counsel of the Trust of various claims, pleadings, and orders filed in the above-captioned bankruptcy case.

   a. His testimony is also based in part on the records of BullionDirect, Inc. ("BullionDirect"), and other knowledge he has obtained in his capacity as Trustee directly and through counsel of the Trust and noticing agents for the Trust.

   b. This knowledge and information includes written e-mails and letters received by him, by trust counsel, and by the trust's noticing agents from various creditors regarding various address changes.

3. Through Trust counsel, Mr. Milligan filed the Distribution Motion.

    a. <u>Judicial Notice Exhibit 3</u>:*Motion for an Order Approving Distributions to General Unsecured Creditors and Disposition of Unclaimed Funds*, filed November 8, 2018, Docket No. 318

4. Mr. Milligan would testify that through counsel he caused the addresses for customers in the books and records of BullionDirect, or the addresses in the proofs of claim filed by creditors, to be the addresses listed for those creditors in the proposed order granting the Distribution Motion.

5. The Court has previously entered an order regarding the manner for updating addresses.

    a. <u>Judicial Notice Exhibit 7</u>: *Order Approving Form and Manner of Notice for Motion for Approval of Distributions to General Unsecured Creditors and Disposition of Unclaimed Funds*, entered on November 8, 2018, Docket No. 317 (the "<u>Distribution Notice Order</u>")

6. Subsequent to filing and serving the Distribution Motion, the Trustee, Trust counsel, and Trust noticing agents received almost 200 address change requests properly submitted or verified in accordance with the Distribution Notice Order. Mr. Milligan has amended the proposed order on the Distribution Motion accordingly.

    a. <u>Judicial Notice Exhibit 9</u>: Exhibit A to *Notice of Filing of Amended Order Approving Distributions to General Unsecured Creditors and Disposition of Unclaimed Funds*, filed December 10, 2018, Docket No. 328 ("<u>Amended Proposed Distribution Order</u>").

    b. The Trustee would testify if called that he has caused Trust counsel and noticing agents to follow these procedures discussed in the Distribution Motion for processing address change requests.

7. Mr. Milligan would testify that all Class 4 claims and higher priority claims, as defined in the Plan, have either been paid or disallowed.

8. The Class 5 Allowed General Unsecured Claim amounts listed on the Amended Proposed Order for the Distribution Motion are based on each creditor's claim as scheduled, filed by proof of claim, or adjusted by the Court, as applicable.

    a. <u>Judicial Notice Exhibit 4</u>: *Amended Schedule F*, filed September 18, 2015, Docket No. 249

    b. <u>Judicial Notice Exhibit 5</u>: *Claims Register* for the above-captioned case

    c. <u>Judicial Notice Exhibit 6</u>: *Order Sustaining First Omnibus Objection to Claims by Trustee (Wrong Amount, Not Secured, No Priority, Duplicate, Late-Filed, and/or Unliquidated Claims)*, entered November 8, 2018, Docket No. 316

9. Based on this record and the legal arguments in the Distribution Motion, Mr. Milligan believes the Distribution Motion should be granted and the distributions to unsecured claims should be granted as proposed in the Distribution Motion.

    a. Only two objections were filed to the Distribution Motion that have not been resolved by agreement.

        i. <u>Judicial Notice Exhibit 10</u>: Case Docket as of December 10, 2018

    b. The objection by Mr. Urban, docket no. 325, has been resolved. The Proposed Order on the Distribution Motion has been revised to adjust his claim according to his objection.

        i. <u>Judicial Notice Exhibit 11</u>: Mr. Urban Distribution Objection, Docket No. 325

        ii. *See also* Exhibit 9, Amended Proposed Distribution Order

10. The Trustee would testify if called that he does not believe that a second round of distributions of unclaimed funds to other creditors would be cost-effective at that point because the amounts of unclaimed funds are anticipated to be insignificant given the number of allowed claims and the administrative costs of such a supplemental distribution. He believes that depositing such unclaimed funds into the registry of the Court for the benefit of claimants at that time is preferable to maintaining the Trust for this purpose after the Trust has administered substantially all of its other assets.

11. The Court had previously entered an order regarding the form and manner of notice for the Distribution Notice.

    a. <u>Judicial Notice Exhibit 7</u>: *Order Approving Form and Manner of Notice for Motion for Approval of Distributions to General Unsecured Creditors and Disposition of Unclaimed Funds*, entered on November 8, 2018, Docket No. 317 (the "<u>Distribution Notice Order</u>")

12. Mr. Milligan provided notice of the Distribution Motion by causing the Physical Distribution Notice, as defined in the Distribution Notice Order, to be transmitted to certain creditors as follows:

    a. This notice was only provided to the creditors whose expected actual distributions would be $4.00 or more, based on the applicable total claim of each creditor as calculated above, and based on an expected distribution of $650,000. The unsecured claim amount corresponding with an estimated $4.00 distribution is approximately $150.

    b. This notice was mailed and e-mailed to these 2944 creditors at their addresses as received from the records of BullionDirect, which was subsequently updated upon request in some instances.

        i. <u>Judicial Notice Exhibit 8</u>: *Supplemental Certificate of Service for Motion for an Order Approving Distributions to General Unsecured Creditors and Disposition Of Unclaimed Funds*, filed December 10, 2018, Docket No. 327.

c.  Additional notice of the Distribution Motion has not been sent by electronic mail to the other creditors whose claims are so small that such creditors would receive less than $4.00 given current Trust assets even without the Plan prohibition on distributions of less than $5.00, and who will in fact not receive any distribution due to this prohibition.

d.  The Trustee if called would testify that it is his information and belief that BullionDirect has been openly and notoriously bankrupt since the commencement of its bankruptcy case on July 20, 2015, more than three years ago.

e.  All customers received two e-mail notifications of the commencement of the case and the initial creditors' meeting.

    i.  <u>Judicial Notice Exhibit 14</u>: *Certificate of Service of Notice of Meeting of Creditors*, filed July 31, 2015, Docket No. 25

f.  The Court set the bar date as January 25, 2016.

    i.  <u>Judicial Notice Exhibit 15</u>: *Order Extending Deadline for Filing Proofs of Claim*, entered September 15, 2015, Docket No. 96

g.  All customers received e-mail notice of this deadline as well.

    i.  <u>Judicial Notice Exhibit 16</u>: *Certificate of Service of Order Extending Deadline for Filing Proofs of Claim*, filed September 15, 2015, Docket No. 97

h.  The claims-filing deadline occurred almost three years ago. No motions for late-filed claim are pending, as shown by the docket for this Case.

    i.  *See* Exhibit 10, Case Docket as of December 10, 2018

i.  All customers received e-mail notice of the disclosure statement after it was approved by the Court.

    i.  <u>Judicial Notice Exhibit 17</u>: *Certificate of Service of Debtor's Disclosure Statement and Plan*, filed June 16, 2016, Docket No. 189

j.  All customers also received e-mail notice of the confirmation of the Plan and the effective date of the Plan, which occurred more than two years ago.

    i.  <u>Judicial Notice Exhibit 18</u>: *Notice of Effective Date*, filed August 23, 2016, Docket No. 224

**# # # End of Proffer # # #**

Respectfully submitted this 12th day of December 2018.

                                            */s/ Jesse T. Moore*
                                            Jesse T. Moore
                                            State Bar No. 24056001
                                            Dykema Gossett, PLLC
                                            111 Congress Ave., Suite 1800
                                            Austin, Texas 78701
                                            Phone: 512-703-6325
                                            Fax: 512-703-6399
                                            Email: jmoore@dykema.com

                                            ***Counsel to Gregory S. Milligan, Trustee for the BullionDirect, Inc. Litigation Trust***