**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| IN RE: | § |
| | § CHAPTER 11 |
| BULLIONDIRECT, INC. | § |
| a/k/a BD, BDI AND B DIRECT, INC., | § CASE NO. 15-10940-tmd |
| | § |
| DEBTOR. | § |
| | § |

**MOTION BY TRUSTEE FOR FINAL DECREE**

**This Motion requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

Gregory S. Milligan, as Trustee (the "Trustee") of the BullionDirect, Inc. Litigation Trust (the "Trust"), hereby files this *Motion for Final Decree*, which seeks an order entering a final decree and closing the above-captioned case (the "Case"). In support thereof, the Trustee would respectfully show as follows:

**I. BACKGROUND**

1. This bankruptcy case (the "Case") was filed on July 20, 2015 (the "Petition Date"). At the time of the bankruptcy filing, the balance sheet of Debtor BullionDirect, Inc. ("BDI") reflected approximately $25 million owed to more than 5,000 customers, yet BDI had assets on hand worth less than $1 million. In January 2018, the founder and President of BDI, Charles H. McAllister, was charged by the United States Department of Justice with felony wire fraud and money laundering in a separate criminal case in the United States District Court for the Western District of Texas. McAllister is also defendant in a civil case brought by the United

States Commodity Futures Trading Commission, which is also pending in the United States District Court for the Western District of Texas.

2. Meanwhile, in this Case, the Bankruptcy Court confirmed a chapter 11 plan (the "Plan") in July 2016 that transferred the remaining assets of BDI to the BullionDirect, Inc. Litigation Trust (the "Trust") and appointed the Trustee to manage this Trust.[1] The Trustee has collected and sold the Trust's tangible assets, such as precious metals and promissory notes, and investigated and monetized the Trust's intangible assets through settlement where appropriate.[2]

3. The Trustee has distributed substantially all of the Trust's cash to creditors, and has deposited the unclaimed funds from such distribution into the Registry of the Court pursuant to orders of the Court. *See Motion for Entry of a Supplemental Order to Deposit Funds in the Registry of the Court* [Docket No. 337] and the *Order to Deposit Funds in the Registry of the Court* [Docket No. 338]. The Trustee will not be making any further distributions to holders of allowed claims under the Plan.

4. The Trustee has also destroyed the remaining tangible assets of the Trust, which were its books and records. *See Notice of Intent to Destroy Books and Records of Debtor in 30 Days*, filed March 13, 2019, Docket No. 335.

5. Other than this Motion, no motions or requests for relief by the Trustee are pending in this Case and none are expected to be filed by the Trustee.

6. The Trustee believes that the bankruptcy estate in this Case and the Trust have been fully administered in all material aspects. At this point, all that remains is for the Trustee to wind-up and terminate the Trust (which should occur this year). The Trustee does not expect the

---

[1] *See* Order Confirming the Debtor's Chapter 11 Plan of Reorganization, entered July 26, 2016, Docket No. 209 (the "Confirmation Order").

[2] *See* Investigation Report, filed January 26, 2018, Docket No. 285.

2

Trust to receive any further income and will use the Trust's small amount of remaining funds to wind-up the Trust as provided for in the Plan, including paying any necessary U.S. Trustee fees. Accordingly, the Trustee believes that the Case should be closed to reduce ongoing administrative burdens for the Trust and the Court.

## II. JURISDICTION & AUTHORITY

7. This Court has jurisdiction over the Case and the Motion. 28 U.S.C. §§ 1334. *See also* Confirmation Order, ¶ 8(j) (retaining jurisdiction for the purpose of entering a final decree, among other things). Venue is proper in this District. 28 U.S.C. §§ 1408 & 1409. The bases for the relief requested herein are the terms of the Confirmation Order, § 350 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). This is a core proceeding. 28 U.S.C. § 157(b)(2). The Court has constitutional authority to enter a final order under *Stern v. Marshall*, 564 U.S. 462 (2011) and its progeny.

## III. REQUEST FOR RELIEF AND RELATED AUTHORITY

8. In this Motion, the Trustee respectfully requests that the Court enter a proposed order in substantially the form attached hereto as Exhibit "A" (the "Proposed Order") constituting a final decree closing the Case. The Confirmation Order provides that the Trustee shall seek closure of the case at such time as he "deems appropriate, in his … sole discretion." *Confirmation Order*, ¶ 16.

9. Based on the circumstances and for the reasons described above, the Trustee has decided that closure of the Case at this time is appropriate. The Case, the Debtor's bankruptcy estate, and the Trust have each been fully administered for all practical foreseeable purposes at this time.

WHEREFORE, the Trustee respectfully requests that the Court enter an order in substantially the same form as the Proposed Order submitted herewith entering a final decree and closing this Case and granting such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted this 3rd day of July, 2019.

**DYKEMA GOSSETT PLLC**

By: /s/ *Patrick L. Huffstickler*
Patrick L. Huffstickler, State Bar No. 10199250
phuffstickler@dykema.com
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
(210) 554-5500
(210) 226-8395 (Fax)

*Counsel to Gregory S. Milligan, Trustee for the BullionDirect, Inc. Litigation Trust*

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of this Motion on July 3, 2019 via the Court's electronic case filing system to all parties receiving notice through such system as indicated below.

In addition, for parties who are not receiving notice through the Court's electronic case filing, but who are otherwise to be served based on their inclusion on the Master Service List for this Case, as defined in the *Agreed Order Granting Debtor's Emergency Motion For Order Limiting Notice And Implementing Certain Notice Procedures*, entered August 7, 2015, Docket No. 36, I am serving such parties as indicated below.

/s/ *Patrick L. Huffstickler*
Patrick L. Huffstickler

Electronic Case Filing Service List:

Steven B. Bass on behalf of Creditor United States of America
Steven.Bass@usdoj.gov, lori.wilson@usdoj.gov

Duane J. Brescia on behalf of Interested Party C. Jack Murph
duane.brescia@strasburger.com,
donna.krupa@strasburger.com;Kathryn.Alexander@strasburger.com;bkrtcynotices@strasburger.com

Duane J. Brescia on behalf of Interested Party Cheryl L. Huseman
duane.brescia@strasburger.com,
donna.krupa@strasburger.com;Kathryn.Alexander@strasburger.com;bkrtcynotices@strasburger.com

Kay D. Brock on behalf of Creditor Travis County
bkecf@traviscountytx.gov, kay.brock@traviscountytx.gov
Richard T. Chapman on behalf of Creditor Janak Law Firm
rchapman@andersonsmith.com, roxanne@andersonsmith.com; Jamie@andersonsmith.com

Richard T. Chapman on behalf of Creditor Julius De Roma
rchapman@andersonsmith.com, roxanne@andersonsmith.com;Jamie@andersonsmith.com

Richard T. Chapman on behalf of Creditor Linda Strande
rchapman@andersonsmith.com, roxanne@andersonsmith.com; Jamie@andersonsmith.com

Brent A. Devere on behalf of Creditor David Ray
bdevere512@aol.com

Kirstin K Dutcher on behalf of Creditor Chris Smelick
kkd@lawsonlaski.com, heo@lawsonlaski.com

Kirstin K Dutcher on behalf of Creditor Robert Smelick
kkd@lawsonlaski.com, heo@lawsonlaski.com

Jeffrey R. Erler on behalf of Creditor Diamond State Depository, LLC
jeff.erler@cottonteam.com, Melissa.harrocks@cottonteam.com

Jeffrey R. Erler on behalf of Creditor Dillon Gage Inc. of Dallas
jeff.erler@cottonteam.com, Melissa.harrocks@cottonteam.com

Lisa C. Fancher on behalf of Creditor Kirk Davis Mahon
lfancher@fbhg.law

Laura Marie Fontaine on behalf of Creditor Diamond State Depository, LLC
Laura@HedrickKring.com, Mckenzie@HedrickKring.com;Lori@HedrickKring.com;Britt@HedrickKring.com

Laura Marie Fontaine on behalf of Creditor Dillon Gage Inc. of Dallas
Laura@HedrickKring.com, Mckenzie@HedrickKring.com; Lori@HedrickKring.com; Britt@HedrickKring.com

James V. Hoeffner on behalf of Creditor Louis S McCann
jhoeffner@gdhm.com, bcumings@gdhm.com

Joseph D. Martinec on behalf of Debtor BullionDirect, Inc.
martinec@mwvmlaw.com, white@mwvmlaw.com

William T. Peckham on behalf of Creditor Clinton C. Price
wpeckham@peckhamlawaustin.com, calexander@peckhamlawaustin.com

Michael J. Pledger on behalf of Creditor Christopher Lombardo
pledgerlaw@aol.com

Douglas J. Powell on behalf of Creditor David Emery
notices@swbell.net, dpowell@dougpowelllaw.com;ayana@dougpowelllaw.com

Peter C. Ruggero on behalf of Creditor Kazu Suzuki
peter@ruggerolaw.com

Stephen Matthew Schultz on behalf of Creditor Peter Lettang
stephen@tslf.com

Martin Warren Seidler on behalf of Creditor Gerard Barrack
marty@seidlerlaw.com, ecfseidlerlaw1@yahoo.com

United States Trustee - AU12
ustpregion07.au.ecf@usdoj.gov

Additional Parties on Master Service List:

Hal F. Morris
Assistant Attorney General
Bankruptcy Regulatory Section
Office of the Texas Attorney General
hal.morris@texasattorneygeneral.gov

Julie B. Fick, *Pro Se*, j.fick@att.net

# Exhibit "A"

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **IN RE:** § | |
| § | **CHAPTER 11** |
| **BULLIONDIRECT, INC.** § | |
| a/k/a BD, BDI AND B DIRECT, INC., § | **CASE NO. 15-10940-tmd** |
| § | |
| **DEBTOR.** § | |
| § | |

**ORDER GRANTING MOTION BY TRUSTEE FOR FINAL DECREE**

The court has considered the *Motion by Trustee for Final Decree* filed by Gregory S. Milligan, as Trustee (the "Trustee") of the BullionDirect, Inc. Litigation Trust (the "Trust"), seeking entry of an order and final decree under Section 350 of title 11 of the United States Code and Rule 3022 of the Federal Rules of Bankruptcy Procedure closing the above-captioned bankruptcy case (the "Case"). After considering the Motion and the Court's records in the Case, the Court finds that proper and adequate notice of the Motion has been given under the circumstances and that no other or further notice is necessary. Also, after due deliberation on the Motion and consideration of the Court's records, the Court finds that good and sufficient cause

exists to grant the Motion. Additionally, the Court specifically finds that the Estate in the Case has been fully administered and a Final Decree closing the Case should be entered.

### IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that:

1. The Motion is GRANTED in all respects.

2. Pursuant to 11 U.S.C. § 350, this is the Court's Final Decree with respect to the Case and the Case is hereby closed effective as of the date of entry of this Order.

### ###

Prepared and Submitted By:

Patrick L. Huffstickler
State Bar No. 10199250
Dykema Gossett PLLC
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
(210) 554-5500
(210) 226-8395 (Fax)
phuffstickler@dykema.com

*Counsel to Gregory S. Milligan, Trustee for the BullionDirect, Inc. Litigation Trust*